UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAYAKUMAR SUNDARAN NAIR et al., | CASE NO. 2:23-cv-00454-TL |
| Plaintiffs, | |
| v. | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| ALEX TOTH et al., | |
| Defendants. | |

This matter is before the Court on Plaintiffs' Motion to Appoint Counsel. Dkt. No. 5. On March 28, 2023, *pro se* Plaintiff Jayakrishnan K. Nair filed an application for the Court to appoint counsel. *Id*. None of the other individual *pro se* Plaintiffs appear to be seeking appointment of counsel. However, Plaintiff Rajakumari Susheelkumar filed an affidavit in support of Mr. Nair's motion to appoint counsel. Dkt. No. 9. For the reasons stated herein, the Court DENIES the motion.

There are two problems with the application. First, on March 28, 2023, the Clerk of the Court filed a notice of deficiency informing Plaintiffs that the Complaint had not been signed by Jayakrishnan K. Nair and Omana Amma Thankamma. Dkt. No. 7. The Notice further stated that proper signatures needed to be filed by April 11, 2023, and explained the procedure for filing the signatures. *Id.* To date, no proper signature has been filed by either Jayakrishnan K. Nair or Omana Amma Thankamma.[1] Therefore, neither is considered an individual party in the case. Since Mr. Nair is not yet a party, his application for appointment of counsel is premature at this time.

Second, "[g]enerally, a person has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (affirming denial of appointment of counsel). Although most *pro se* litigants would benefit from representation by an attorney, that alone does not warrant the appointment of counsel. *See Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (affirming denial of appointment of counsel), *overruled on other grounds*, 154 F. 3d 952 (9th Cir. 1998) (en banc). Instead, a court may appoint counsel for *indigent* civil litigants under "exceptional circumstances," pursuant to 28 U.S.C. § 1915(e)(1). *See Palmer*, 560 F.3d at 970. Exceptional circumstances exist when a pro se plaintiff establishes (1) a likelihood of success on the merits and (2) that the complexity of the legal issues involved would impede the pro se litigant's ability to present the case. *Id.*; *see also Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir.1986)).

In his application, Mr. Nair attests that the Court had previously granted him leave to proceed *in forma pauperis* in case number 2:23-cv-00190. Dkt. No. 5 at 1. But a review of the record indicates that the court in that case denied Mr. Nair's application to proceed *in forma*

---

[1] See the Order to Show Cause, filed concurrently with this Order, highlighting multiple procedural deficiencies with Plaintiffs action, including Plaintiffs' failure to respond to the Clerk's Notice.

*pauperis*.[2] Further, Mr. Nair did not attach a completed Financial Affidavit, as required on the motion form he used. *See id.* Finally, Plaintiffs' ability to pay the filing fee in this case, instead of seeking *in forma pauperis* status at the outset, and Mr. Nair's failure to provide a financial affidavit with his motion, leads the Court to conclude that Plaintiffs are not sufficiently indigent pursuant to 23 U.S.C. § 1915(e)(1) to warrant appointment of counsel.

Additionally, at this stage of the litigation, the Court cannot conclude that exceptional circumstances exist to warrant appointment of counsel. The Court is unable to weigh the likelihood of success on the merits of Plaintiffs' claims on the underdeveloped and procedurally deficient record before it.[3] *See, e.g.*, *Sam v. Renton Sch. Dist.*, No. C21-1363-RSM, 2021 WL 4952187, at *1 (W.D. Wash. Oct. 25, 2021) ("The Court cannot conclude on this thin record whether these claims have a strong likelihood of success on the merits."). Even if the underlying claims are sufficiently meritorious, Plaintiffs' filings generally demonstrate a level of sophistication and legal comprehension that is unusual in *pro se* proceedings and fail meet the requisite "high bar to show that the legal issues involved are sufficiently complex[ as to] impeded [their] ability to present [their] case." *Siglar v. Hopkins*, 822 F. App'x 610, 612 (9th Cir. 2020).

For the forgoing reasons, the Court DENIES Plaintiffs' motion to appoint counsel.

Dated this 14th day of July 2023.

Tana Lin
United States District Judge

---

[2] The Court takes judicial notice of the order denying Plaintiff's application for *in forma pauperis* status in case number 2:23-cv-00190. *See In the Guardianship of: Omana Thankamma*, 2:23-cv-00190, Dkt. No. 8 (W.D. Wash. June 7, 2023).

[3] *Supra* n.1.