1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11

JAYAKUMAR SUNDARAN NAIR et al.,

CASE NO. 2:23-cv-00454-TL

12

Plaintiffs,

ORDER TO SHOW CAUSE

v.

13

ALEX TOTH et al.,

14

Defendants.

15

16

17   This matter is before the Court on its own motion upon review of the record. Having

18   considered the relevant record, the Court ORDERS Plaintiffs to respond to its order to show cause

19   as directed below.

20   **I.   ORDER TO SHOW CAUSE**

21   On its own motion upon review of the record, the Court addresses four procedural

22   deficiencies identified in this litigation: (1) the unanswered deficiency notice from the Clerk of

23   the Court, (2) the lack of clarity regarding individual plaintiffs (and related issue regarding

24

unrepresented, incapacitated individuals), (3) the naming of unrepresented business entities as co-Plaintiffs, and (4) the Plaintiffs' failure to provide timely proof of service.

**A.    Deficiency Notice**

On March 28, 2023, the Clerk of the Court filed a notice of deficiency (the "Notice") informing Plaintiffs that the Complaint had not been signed by Jayakrishnan K Nair and Omana Amma Thankamma. Dkt. No. 7. The Notice further stated that proper signatures, in accordance with Federal Rule of Civil Procedure 11, needed to be filed by April 11, 2023, and explained the procedure for filing a corrected signature page. *Id.* To date, no corrected signature page has been filed by either Jayakrishnan K. Nair or Omana Amma Thankamma, so neither is considered an individual party to this action.

"[I]t is axiomatic that pro se litigants, whatever their ability level, are subject to the same procedural requirements as other litigants." *Munoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022). A party's failure to comply with applicable rules could result in dismissal of a party's action. *See* Fed. R. Civ. P. 41(b); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962) (recognizing the authority of a court to dismiss *sua sponte* under Rule 41(b)). Because the Court is ordering Plaintiffs to file an amended complaint to resolve other procedural deficiencies identified below (*see infra* Section I.B), no further action on the Notice is required at this time.

The Court cautions Plaintiffs, though, that all parties are expected to review the Federal Rules of Civil Procedure,[1] this district's Local Rules,[2] and this Court's Chambers Procedures.[3]

---

[1] A PDF version of the Federal Rules of Civil Procedure can be found at: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

[2] The Local Rules (including the Local Civil Rules, which apply to all civil cases) and General Orders for the Western District of Washington can be found at: https://www.wawd.uscourts.gov/local-rules-and-orders.

[3] *See* Judge Lin's Standing Order in All Civil Cases (last updated June 16, 2023), https://www.wawd.uscourts.gov/sites/wawd/files/LinStandingOrderreCivilCases_0.pdf.

Failure to comply with any of these rules may result in the imposition of sanctions, up to dismissal of this action.

**B.      Ambiguity Regarding Individual Plaintiffs and Unrepresented Incapacitated Parties**

Although each individual Plaintiff may proceed *pro se* on their own respective behalves, a non-attorney cannot act in court on behalf of other people. *See* 28 U.S.C. 1654; *see also Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("It is well established that the privilege to represent oneself *pro se* provided by § 1654 is personal to the litigant and does not extend to other parties or entities."). Therefore, each individual Plaintiff must sign the Complaint on his or her own behalf.

From the Complaint filed in this action, it is unclear who the individual plaintiffs in this action are as the caption, the "Parties" section of the Complaint, and the signature block list different individuals in different capacities:

- The caption of the Complaint appears to list Jayakumar Sundaran Nair, and Rajakumari Susheeldumar as individual plaintiffs on their own behalves, and Jayakrishnan Krishnan Nair and Omana Amma Thankamma as "both incapacitated, appearing *ex rel through all close family.*" Dkt. No. 1 at 1.

- The "Parties" section of the Complaint lists only Jayakrishnan "Krishnan" Nair and Jayakumar A. Nair as individual plaintiffs and fails to discuss either Rajakumari Susheeldumar's or Omana Amma Thankamma's relationship to or interest in any of the claims raised in the action. *Id.* at 9.

- The signature block of the Complaint contains individual "pro se" signatures from Jayakumar Sundaran Nair and Rajakumari Susheeldumar, as well as from Sukanya Susheelkumar, who is not listed in either the caption or the "Parties" section of the Complaint. *Id.* at 140; *see also id.* at 9.

To resolve this ambiguity, Plaintiffs shall file an amended complaint by no later than **Monday, August 14**, **2023**, clarifying the individual plaintiffs in this action. All individual pro se plaintiffs must separately sign the amended complaint.

To the extent Plaintiffs still intend to assert claims on behalf of incapacitated family members, the Court cautions Plaintiffs' that it is obligated to take whatever steps are necessary to protect the interests of any "incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). As such, courts have routinely held that individual plaintiffs must secure legal counsel before they will be allowed to proceed on behalf of a family member who is unable to represent themselves. *See, e.g.*, *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876–77 (9th Cir. 1997) (affirming dismissal of a father's action on behalf of a minor child for failing to secure legal counsel pursuant to Rule 17(c) and holding "that a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer"). *Accord Osei–Afriyie v. Medical College*, 937 F.2d 876, 882–83 (3d Cir. 1991); *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61–62 (2d Cir. 1990); *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (per curiam). Therefore, if any of the individual parties expect to raise claims on behalf of incapacitated family members, those parties must note the appearance of counsel on or before the deadline for filing the amended complaint. Failure to secure counsel may result in the dismissal of any claims raised on behalf of incapacitated family members.

## C.    Unrepresented Business Entities

In the Complaint, Plaintiffs also name three business entities (Omana Homes LLC, Ratner Biomedical Inc, and JKN Conglomerate Corp.) as co-Plaintiffs in this action. A business entity may not proceed pro se in this District unless it is a sole proprietorship. *See* Local Civil Rule ("LCR") 83.2(b)(4) ("A business entity, except a sole proprietorship, must be represented by counsel."). Failure to retain an attorney or law firm may result in a dismissal for failure to prosecute or the entry of default. *See id.* In addition, each corporate party, other than an individual or sole proprietorship, must also file a corporate disclosure statement. *See* LCR 7.1(a).

Here, each of the listed business entity plaintiffs appear to be either fully incorporated or organized as limited liability corporations in Washington. Dkt. No. 1 ¶¶ 4–5, and at 15. Therefore, none of the businesses can be considered sole proprietorships. *C.f. Emp. Painters' Tr. v. Cascade Coatings*, No. C12-0101, 2013 WL 12158588, at *3 (W.D. Wash. Sept. 27, 2013) (noting that unlike a corporate entity a sole proprietorship is not a "separate legal entity" with "legal standing to sue or be sued in its own right") (citing *Bankston v. Pierce Cnty.*, 301 P.3d 495, 497 (Wash. App. 2013)); *United States v. Feng Juan Lu*, 248 F. App'x 806, 807–08 (9th Cir. 2007) (reasoning that "[h]aving chosen to organize her businesses as LLCs . . . [defendant] cannot now disregard the creation of these separate entities" by analogizing them to sole proprietorships). Additionally, none of the business entities have filed corporate disclosure statements.

The Court therefore ORDERS the business entity Plaintiffs to note the appearance of counsel and file corporate disclosure statements by no later than **Monday, August 14, 2023**, or otherwise show cause as to why they should not be dismissed from this action. Failure to respond by the deadline will result in the dismissal of all non-compliant business entity Plaintiffs and their related claims.

**D.      Failure to File Proof of Service or Waiver**

Plaintiffs filed this action on March 24, and summonses were issued on March 27, 2023. Dkt. Nos. 1, 4. Pursuant to Rule 4 of the Federal Rules, "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Proof of service in this case was due by no later than June 22, 2023. The Court acknowledges that the individual Plaintiffs are proceeding *pro se* and have been awaiting a decision on their request for appointment of counsel. In addition, as the

Court is ordering the filing of an amended complaint, the Court finds good cause to EXTEND the service deadline for thirty days beyond when the amended complaint is due. The Court ORDERS Plaintiffs to either file proof of service or waiver, or to show cause why service has not been completed, by no later than **Wednesday, September 13, 2023**. Failure to respond as directed by this date will result in this case being dismissed in its entirety.

**E.    Show Cause Briefing**

Plaintiffs need not provide any responsive briefing to the Court's show cause orders if, by the Courts deadlines, they (1) file an amended complaint as ordered, (2) note appearance of counsel to represent the corporate entities and any plaintiff raising claims on behalf of an incapacitated party, (3) file corporate disclosure statements, and (4) file proof of service or waiver as to each Defendant. If Plaintiffs are unable to meet any of these obligations, they may choose instead to respond to this order by showing good cause to avoid the stated consequences (*i.e.*, dismissal of procedurally deficient parties and claims). If they so choose, Plaintiffs' must *jointly* file a single responsive brief by the deadline. Plaintiffs brief must be formatted pursuant to LCR 10(e) and this Court's Chamber Procedures.[4] The Court further ORDERS that Plaintiffs' brief must also comply with the word count or page limit for motions noted under LCR 7(d)(1), pursuant to LCR 7(e)(1) and (e)(6). This means Plaintiffs' joint response "**shall not exceed 2,100 words** or, if written by hand or with a typewriter, **six (6) pages**." LCR (e)(1) (emphasis added). Any text included beyond the applicable limit will not be considered. *See* LCR 7(e)(6).

Dated this 14th day of July 2023.

Tana Lin
United States District Judge

---

[4] *Supra* Section I.A, n.3.