UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAYAKUMAR SUNDARAN NAIR et al.,<br><br>  Plaintiffs,<br>  v.<br>ALEX TOTH et al.,<br><br>  Defendants. | CASE NO. 2:23-cv-00454-TL<br><br>ORDER ON MOTIONS FOR RECONSIDERATION |

This matter is before the Court on Plaintiffs' motion for reconsideration (Dkt. No. 14) of the Court's order of dismissal (Dkt. No. 12) and amended motion for reconsideration (Dkt. No. 18) of the Court's order denying appointment of counsel (Dkt. No. 10). Having considered the relevant record, the Court DENIES Plaintiffs' motions and ORDERS this case shall remain DISMISSED.

## I.   BACKGROUND

On March 24, 2023, a 140-page Complaint was filed that was signed by three individuals purporting to be *pro se* Plaintiffs: Jayakumar Sundara Nair, Rajakumari Susheelkumar, and

ORDER ON MOTIONS FOR RECONSIDERATION - 1

Sukanya Susheelkumar. Dkt. No. 1 at 140. Of these three individuals, only one—Jayakumar Nair—was described in the section of the Complaint identifying the relevant parties (*id.* at 9); although Rajakumari Susheelkumar was included in the list of Plaintiffs in the caption, Sukanya Susheelkumar was not (*see id.* at 1). The Complaint appeared to also raise legal claims on behalf of other individual family members, specifically Jayakrishnan Nair and Omana Thankamma,[1] as well as multiple business entities. *Id.* at 1, 9.

On March 28, the Clerk of the Court filed a notice of deficiency informing Plaintiffs that the Complaint had not been signed by Jayakrishnan Nair or Omana Thankamma. Dkt. No. 7 ("the Notice"). The Notice further stated that proper signatures needed to be filed by April 11, 2023, and explained the procedure for filing the signatures. *Id.* Plaintiffs never responded to the Notice.

Also on March 28, Jayakrishnan Nair, claiming to act as a *pro se* Plaintiff despite failing to sign the Complaint, filed a motion for the Court to appoint counsel. *Id.* None of the individual *pro se* Plaintiffs who signed the Complaint appeared to be seeking appointment of counsel at that time; however, Rajakumari Susheelkumar filed an affidavit in support of Jayakrishnan Nair's motion to appoint counsel. Dkt. No. 9.

On July 14, the Court denied Jayakrishnan Nair's motion to appoint counsel, noting his failure to cure the deficiency identified in the Notice, his failure to follow appropriate procedures required to establish indigency, and his failure to show that exceptional circumstances warrant appointment of counsel. Dkt. No. 10 at 2–3. The same day, the Court also entered an order to show cause directing Plaintiffs to respond to and correct several deficiencies identified with their

---

[1] Since two of the individual parties share the surname Nair and two others share the surname Susheelkumar, the Court will use full names of the parties throughout this order to avoid confusion.

Complaint. Dkt. No. 11. Relevant to the present motions, the Court specifically ordered Plaintiffs:

(1) to review the Federal Rules of Civil Procedure, this district's Local Civil Rules, and this Court's Chambers Procedures, noting that failure to comply with any of these rules may result in the imposition of sanctions, up to dismissal of this action;

(2) to file an amended complaint by no later than Monday, August 14, 2023, clarifying the individual plaintiffs in this action, reminding them that all individual *pro se* plaintiffs must separately sign the amended complaint;

(3) to note the appearance of counsel on or before Monday, August 14, 2023, to represent the interests of any incapacitated family members on behalf of whom the Plaintiffs intend to raise claims, warning that failure to secure counsel may result in the dismissal of any claims raised on behalf of incapacitated family members; and

(4) to note the appearance of counsel and file corporate disclosure statements by no later than Monday, August 14, 2023, for each business entity named as a plaintiff, or otherwise show cause as to why those unrepresented entities should not be dismissed from this action, warning that failure to respond by the deadline would result in the dismissal of all non-compliant business entity Plaintiffs and their related claims.

*Id.* at 2–5.

Plaintiffs failed to respond as directed by the August 14 deadline. Consequently, on August 30, the Court entered an order dismissing the Complaint without prejudice pursuant to Fed. R. Civ. P. 41(b). *See also Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1130 (9th

Cir. 2008) (affirming Rule 41(b) dismissal where plaintiff failed to sufficiently amend complaint after court provided "specific instructions on how to correct the complaint"); *Yourish v. Cal. Amplifier*, 191 F.3d 983, 986–87 (9th Cir. 1999) (affirming Rule 41(b) dismissal where plaintiff failed to file amended complaint in time allotted by district court); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630−31 (1962) (recognizing the authority of a court to dismiss *sua sponte* under Rule 41(b)).

Plaintiffs now move for the Court to reconsider its denial of the motion to appoint counsel and its order of dismissal.

## II.  LEGAL STANDARDS

"Motions for reconsideration are disfavored." LCR 7(h)(1). Such motions must be filed "within fourteen days after the order to which it relates is filed." *Id.* at 7(h)(2). Untimely motions may be summarily denied. *Id.* ("Failure to comply with [] subsection [(h)(2)] may be grounds for denial of the motion."). Motions for reconsideration must also be denied absent a showing of "manifest error in the prior ruling or . . . new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." *Id.* at 7(h)(1). "A motion for reconsideration 'may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). These disfavored motions should be granted only in "highly unusual circumstances." *Id.* (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

An artificial entity may not represent itself in court *pro se* and may only appear in federal court through licensed counsel. *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–02 (1993); *see also* LCR 83.2(b)(4) ("A business entity, except a sole proprietorship, must be represented by counsel . . . ."). *Cf. United States v. High Country Broad. Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam) (affirming entry of default judgment against defendant entity when it failed to retain counsel despite the court's order to do so). Additionally, "a non-lawyer . . . 'has no authority to appear as an attorney for others than himself.'" *Johns v. Cnty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) (quoting *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)).

A *pro se* party's pleadings must be "liberally construed" and held "to less stringent standards than formal pleadings drafted by lawyers." *E.g., Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 923 & n.4 (9th Cir. 2011) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). That said, "courts should not have to serve as advocates for pro se litigants." *Khalid v. Microsoft Corp.*, 409 F. Supp. 3d 1023, 1031 (W.D. Wash. 2019) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)). "[I]t is axiomatic that pro se litigants, whatever their ability level, are subject to the same procedural requirements as other litigants." *Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022).

### III. DISCUSSION

**A.    Plaintiffs' Deficient Motion for Reconsideration of Appointment of Counsel**

Plaintiffs' deficient amended motion for reconsideration of the Court's order denying appointment of counsel warrants summary denial. As an initial matter, the Court's order on the motion to appoint counsel was filed on July 14, 2023. *See* Dkt. No. 10. Plaintiffs filed their initial motion for reconsideration on September 28, which was then amended on October 2, 2023. *See* Dkt. Nos. 17–18. Even if the Court were to accept the earlier date as the operative filing date of

the motion, as opposed to the filing date of the amended motion, it would still be two months later than is allowed by the local rules. *See* LCR 7(h)(2). The untimeliness of the motion is sufficient grounds to warrant denial without further consideration. *Id.*

Plaintiffs' motion suffers an additional fatal procedural flaw. Pursuant to the local rules, a motion for reconsideration "shall not exceed 2,100 words or, if written by hand or with a typewriter, six pages." LCR 7(e)(1); *see also* LCR 7(d)(1). Further, the movant must provide a "certification of the signer as to the number of words" included in the motion. LCR 7(e)(6). Plaintiffs fail to include the required certification. Regardless, Plaintiffs' motion brief spans 19 pages of text, which by any count, far exceeds the allowable word limit for such motions. Plaintiffs have previously been admonished that they would be held to the applicable rules of practice despite their *pro se* status. *See* Dkt. No. 11 at 2–3. The Court may therefore disregard any text beyond page 6 of Plaintiffs' motion. LCR 7(e)(6). This briefing failure also precludes the Court from granting the request to reconsider.

Even if the Court were to consider the entire motion, Plaintiffs' fail to establish sufficient grounds for reconsideration. Reconsideration is appropriate only upon a showing of "manifest error in the prior ruling or . . . new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." *Id.* at 7(h)(1). The Court did not err in concluding that Plaintiffs' prior motion to appoint counsel was both procedurally and substantively insufficient to warrant the exceptional circumstance of appointment of legal counsel in a civil case. Nothing in Plaintiffs' motion for reconsideration indicates error in the Courts' prior analysis. Plaintiffs simply argue that the Court made incorrect assumptions regarding Jayakrishnan Nair's indigency status based on the information available to the Court at the time. Plaintiffs fail to explain what, if any, of their newly asserted information could not have been presented to the Court "earlier with reasonable diligence." *Id.* Plaintiffs also fail to address

the other grounds upon which the Court's decision was based, which independently justify its denial of the motion to appoint counsel despite Jayakrishnan Nair's alleged indigency.

The Court therefore DENIES Plaintiffs amended motion for reconsideration of its order denying appointment of counsel.

### B. Plaintiffs' Motion for Reconsideration of Dismissal Fails

Plaintiffs fail to assert the specific grounds upon which they seek reconsideration.[2] As far as the Court can tell, Plaintiffs do not assign error to the Court's conclusion that they failed to respond or cure their pleading deficiencies in a timely fashion as the Court directed in its order to show cause. *See* Dkt. No. 14. Instead, Plaintiffs appear to provide an excuse for their late response and assert that all of the deficiencies identified by the Court have now been cured. *Id.* "A motion for reconsideration 'may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Marlyn Nutraceuticals, Inc.*, 571 F.3d at 880 (quoting *Kona Enters., Inc.*, 229 F.3d at 890). Plaintiffs therefore fail to meet the high standard required to justify the disfavored remedy of reconsideration.

That said, while purporting to be a motion for reconsideration, Plaintiffs' motion could be liberally construed as actually seeking relief from the Court's deadline for responding to its order to show cause. Such a request would normally be governed by the good cause standard applicable under Rule 16 of the Federal Rules of Civil Procedure. Good cause, for the purposes

---

[2] This motion appears to be signed by Rajakumari Susheelkumar only, and there is no indication that any of the other named individuals or entities join this motion (Dkt. No. 14 at 6), although Jayakrishnan Nair provides a separate affidavit purporting to support his claim of indigency, presumably related to the motion for reconsideration of the order denying appointment of counsel (*see* Dkt. No. 16). The Court has already informed the Plaintiffs that the law in this district states that "a non-lawyer 'has no authority to appear as an attorney for others than himself.'" *Johns*, 114 F.3d at 877 (quoting *C.E. Pope Equity Tr.*, 818 F.2d at 697). Thus, even if this motion was successful, it would not save any claims in the Complaint other than those directly related to Rajakumari Susheelkumar as an individual plaintiff. But, since the motion fails, the Court need not address this deficiency.

ORDER ON MOTIONS FOR RECONSIDERATION - 7

of Rule 16(b), looks to whether a scheduled deadline could not "'reasonably be met despite the diligence of the party seeking the extension.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (quoting Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment). Here, Plaintiffs appear to argue that they failed to timely reply to the order to show cause due to the unexpected death of Omana Thankamma. Dkt. No. 14 at 1–2. Even if the Court were to accept this explanation to excuse the lateness of their response, the Court disagrees that Plaintiffs have cured any of the deficiencies identified in its order to show cause.

The Court was explicit regarding the actions required to avoid dismissal. Plaintiffs argue that all of the Court-identified deficiencies have now been cured by the Amended Complaint filed contemporaneously with their motion for reconsideration (*see* Dkt. No. 15) and because "attorney Ms. Shanece Dedeaux has agreed to represent the business entities." Dkt. No. 14 at 3. But Plaintiffs' Amended Complaint does not "clarify[] the individual plaintiffs in this action." *See* Dkt. No. 11 at 3. The caption of the Amended Complaint still includes individuals and business entities named as Plaintiffs not discussed in the section describing the relevant parties, several of whom are also not represented on the signature page of the Amended Complaint. *See* Dkt. No. 15 at 1, 9, 140. Further, it appears that Jayakumar Nair and Rajakumari Susheelkumar still intend to assert claims on behalf of Omana Thankamma, who is now deceased, and Jayakrishnan Nair, who they claim is disabled and "is in catatonic depression," without legal representation. Dkt. No. 14 at 3. The Court was clear that this would not be permitted. Dkt. No. 11 at 4. Regarding Ms. Dedeaux's representation of the business entities, the Court was clear that counsel was required to note an appearance on the business entities' behalf to avoid dismissal. Plaintiffs' claim of agreement by Ms. Dedeaux is insufficient and unsupported by the record, since Ms. Dedeaux is not listed as representative counsel for the business entities on the

Amended Complaint and has never otherwise entered an appearance on behalf of any party in this case, despite now having over three months since the Court's order to show cause to do so.

Finally, Plaintiffs' fear that some of their claims could be precluded by the statute of limitations in a newly filed case does not provide grounds to excuse Plaintiffs' procedural failures and pleading deficiencies in this case. The Court has objectively applied the rules and standards that govern federal court proceedings. "[I]t is axiomatic that pro se litigants, whatever their ability level, are subject to the same procedural requirements as other litigants." *Muñoz*, 28 F.4th at 978. It would be inappropriate for the Court to grant an exception to Plaintiffs, as the Court cannot "serve as advocate[] for pro se litigants." *Khalid*, 409 F. Supp. 3d at 1031.

Plaintiffs' motion for reconsideration of the Court's Order of Dismissal is DENIED and this case shall remain DISMISSED. No further motions or pleadings will be considered in this action absent a mandate from the Ninth Circuit Court of Appeals.

### IV.   CONCLUSION

Plaintiffs' motions for reconsideration (Dkt. Nos. 14, 18) are DENIED. This case remains DISMISSED, and the Court's prior judgment (Dkt. No. 13) remains undisturbed.

Dated this 19th day of October 2023.

Tana Lin
United States District Judge