UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAYAKUMAR SUNDARAN NAIR et al.,<br><br>　　　　　　Plaintiffs,<br>　v.<br>ALEX TOTH et al.,<br><br>　　　　　　Defendants. | CASE NO. 2:23-cv-00454-TL<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL |

　　　　This matter is before the Court on Plaintiffs' Declaration and Application to Proceed In Forma Pauperis (Dkt. No. 21) in their appeal to the Ninth Circuit of this Court's orders denying appointment of counsel. A litigant may apply for leave to proceed *in forma pauperis* ("IFP") on appeal and avoid having to pay the appellate court filing fee, but "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." Fed. R. App. P. 24(a), 28 U.S.C. § 1915(a)(1), (a)(3).[1] The application must also be accompanied by an

---

[1] While 28 U.S.C. § 1915 refers to prisoner appeals, it applies equally to all civil litigants. *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) (applying 28 U.S.C. §1915 to a non-prisoner civil case).

ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL - 1

affidavit providing sufficient detail to show (1) "the party's inability to pay or to give security for fees and costs" for the appeal; (2) the specific "claims [and] an entitlement to redress;" and (3) "the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1)(A)–(C).

Plaintiffs' application fails to meet any of the requirements, and upon a review of the entire record, the Court cannot conclude that this appeal is taken in good faith.

Plaintiffs fail to submit sufficient detail for the Court to determine an inability to pay the required filing fee. *See* Fed. R. App. P. 24(a)(1)(A) (party must submit affidavit showing "in the detail prescribed by **Form 4 of the Appendix of Forms** [to the Federal Rules of Appellate Procedure] the party's inability to pay or to give security for fees and costs[.]" (emphasis added)). Plaintiffs use the form for requesting IFP status in the district court, which asks for significantly less details than the referenced appellate form. *Compare* Dkt. No. 21 *with* Ninth Cir. Ct. App., Form 4. Motion and Affidavit for Permission to Proceed in Forma Pauperis, https://cdn.ca9.uscourts.gov/datastore/uploads/forms/form04.pdf (last viewed Dec. 14, 2023). However, Plaintiffs provided a copy of the Ninth Circuit form as an exhibit to a follow-up letter filed with the Court. Dkt. No. 26-2. Regardless, Plaintiffs' forms appear to include information regarding only Jayakumar Nair, even though the appeal appears to arise from the failed motion for appointment of counsel as to all named Plaintiffs, including at least three other individuals (Jayakrishnan Nair, Rajakumari Susheelkumar, and Sukanya Susheelkumar), as well as multiple business entities. Therefore, to the extent Jayakumar Nair seeks review of the Court's entire Order, the Court does not have sufficient information to determine whether IFP is appropriate on inability to pay grounds. This determination regarding ability to pay is further strengthened by the facts that Plaintiffs collectively (1) were able to pay the district court filing fee (*see* Dkt. No. 1) and (2) have indicated an intention to pay the appellate filing fee should their application be denied (*See* Dkt. No. 26).

Plaintiffs' application fails to indicate an entitlement to relief on appeal and does not specify the issues they intend to argue, nor does the record in this case indicate a good faith basis for appeal. The only information Plaintiffs provide in their IFP application regarding the nature and purpose of their appeal is the following: "Appeal from the reconsideration on order denying counsel." Additionally, upon review of the entire record in this case, the Court is unable to identify any grounds for entitlement to relief from any of its orders. As such, the Court certifies that this case does not appear to be brought in good faith.

Consequently, the Court DENIES Plaintiffs' motion for leave to proceed IFP on appeal.

Dated this 18th day of December 2023.

Tana Lin
United States District Judge