UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAYAKUMAR SUNDARAN NAIR et al.,<br><br>　　　　　　　Plaintiffs,<br>　　v.<br>ALEX TOTH et al.,<br><br>　　　　　　　Defendants. | CASE NO. 2:23-cv-00454-TL<br><br>ORDER ON DEFENDANTS' MOTIONS FOR MISCELLANEOUS RELIEF |

　　　　This matter is before the Court on Defendants' motions for miscellaneous relief. Dkt. Nos. 33–34. On August 30, 2023, the Court entered a pre-service order and final judgment dismissing Plaintiffs' procedurally deficient complaint without prejudice, ultimately resolving all claims against all named Defendants. *See* Dkt. Nos. 12–13. Subsequently, Plaintiffs unsuccessfully moved for reconsideration and have filed notice of appeal to the Ninth Circuit. *See* Dkt. Nos. 19–23. The appeal is still pending.

　　　　Now, more than eight months since this case was closed, a subset of Defendants who had never previously appeared in this case seek miscellaneous relief. Dkt. Nos. 33–34. Specifically, this set of Defendants ask the Court to consider several defenses against Plaintiffs' specific

claims, take judicial notice of numerous documents in support of their contentions, affirm its prior dismissal of the claims, and modify its judgment to dismissal *with prejudice*. *Id.*

Considering the Plaintiffs' pro se status and the procedural posture of the case at the time of dismissal—after Plaintiffs' failed to respond to the Court's order to show cause for failing to timely file an amended complaint to cure certain procedural deficiencies and prior to service on or appearance of any Defendant—dismissal without prejudice was appropriate. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (noting that prejudicial dismissal of a pro se complaint is generally only appropriate when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" (internal quotation marks and citations omitted)).

Further, the Defendants do not provide any procedural or substantive legal grounds for the duplicative relief sought, do not discuss or explain the general untimeliness of their motions, nor do they indicate the jurisdictional grounds upon which the Court may provide the requested relief, at least some of which appear to go to the merits of Plaintiffs' claims. *See Evans v. Synopsys, Inc.*, 34 F.4th 762, 776 (9th Cir. 2022) (noting that "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal" (alteration in original) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam))).

Consequently, the Court DENIES Defendants' motions (Dkt. No. 33–34) as procedurally deficient and generally moot because this case is already closed.

Dated this 10th day of June 2024.

Tana Lin
United States District Judge